UNITED STATES of America,
Plaintiff—Appellee,

v.

Jorge BUSTAMANTE–ROCHA aka
Francisco Fernandez–Gomez,
Defendant—Appellant.

Nos. 04–10013, 04–10055.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 27, 2005.

Frederick A. Battista, AUSA, USPX–Office of The U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Paul J. Mattern, Law Office of Paul J. Mattern, Phoenix, AZ, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM [**]

Jorge Bustamante–Rocha challenges his conviction and sentence for attempted entry into the United States after deportation. We affirm his conviction, but remand his sentence pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc).

■ Bustamante–Rocha asserts four challenges to his conviction. We reject them in turn. First, the facts established at trial were sufficient to establish the jurisdiction of the district court. Although Bustamante–Rocha was arrested while he was under official restraint at the port of entry and therefore not "in the United States" as that phrase has been defined under the Immigration and Nationality Act, he nevertheless crossed the boundary into U.S. territory and thus violated the attempt provision of 8 U.S.C. § 1326(a)(2). *See United States v. Leos–Maldonado,* 302 F.3d 1061, 1064 (9th Cir.2002). These facts support the district court's exercise of jurisdiction under 18 U.S.C. § 3231.

Second, these facts are also sufficient to support Bustamante–Rocha's conviction. Contrary to his assertion, "[t]he mere fact that an alien is under official restraint does not make substantial steps toward entry impossible." *Leos–Maldonado,* 302 F.3d at 1063.

Third, the indictment, which we construe liberally in favor of validity, adequately alleged the essential elements of attempt-ed entry. The indictment not only referenced the appropriate statute, *see United States v. Velasco–Medina,* 305 F.3d 839, 847 (9th Cir.2002), but also charged that Bustamante–Rocha "attempted" to enter the United States, incorporating a term with "well-established common law" elements that include "an overt act which is a substantial step towards committing the crime." *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1191–92 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

■ Fourth, testimony that Bustamante–Rocha appeared to be "smuggl[ing][a] female in" when he attempted entry was "inextricably intertwined" with evidence of the charged offense and therefore fell outside the scope of Federal Rule' of Evidence 404(b). *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002). The testimony was necessary "to offer a coherent and comprehensible story" of Bustamante–Rocha's unsuccessful attempt, *United States v. DeGeorge,* 380 F.3d 1203, 1220 (9th Cir.2004), and specifically, to explain why he was referred to secondary inspection even though he informed the inspector that he was a U.S. citizen and presented U.S. identification.

■ For these reasons, we affirm as to Bustamante–Rocha's conviction. As to his sentence, we remand pursuant to *Ameline.* Because Bustamante–Rocha's sentence was enhanced based solely on his prior conviction, his sentence does not present a Sixth Amendment violation. *Id.* at 1077. It does, however, present a "nonconstitutional error" in that it "was erroneously imposed under guidelines believed to be mandatory." *Id.* at 1084. We accordingly grant a limited remand pursuant to *Ame-*

*line. See United v. Moreno–Hernandez,* —— F.3d ——, No. 03–30387, 2005 WL 1560269, *9 (9th Cir. Jul.5, 2005).

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

_____

* This disposition is not appropriate for publication and may not be cited to or by the courts